TEXAS & P. RY. CO. v. AIKEN. (No. 1929.)

(Court of Civil Appeals of Texas. Texarkana Feb. 14, 1918.)

1. JUDGMENT ⬤⟿18(2)—SUPPORT BY PLEADING—PETITION AGAINST RAILWAY AND RECEIVERS.

A petition which may reasonably be construed as suing both a railway company and its receivers supports judgment against the company.

2. CARRIERS ☞238—RIGHTS OF PASSENGER—PERSON ENTITLED.

Plaintiff holder of a ticket, who intended to board a train which stopped, employés of the railway being aware of the fact, was legally entitled to the rights of a passenger.

Appeal from Lamar County Court; Tom L. Beauchamp, Judge.

Action by Mrs. Fannie C. Aiken against the Texas & Pacific Railway Company. From a judgment for plaintiff, defendant appeals. Reversed, and cause remanded, unless remittitur be entered within 20 days.

Head, Dillard, Smith, Maxey & Head, of Sherman, Geo. Thompson, of Dallas, and J. F. Holt, of Sherman, for appellant. Moore & Hardison, of Paris, for appellee.

LEVY, J. The appellee had a ticket entitling her to transportation over the appellant's railway from Texarkana to Paris and thence to Howland. She presented herself for transportation on the regular passenger train, and, as she claims, the brakeman in charge refused to permit her to board the train, and forcibly prevented her from so doing. The suit is for damages alleged to have been sustained through wrongful acts. There was a verdict and judgment for the plaintiff.

[1] The petition may reasonably be construed, it is concluded, as suing each the railway company and the receivers. The petition therefore would support the judgment against the appellant, and the first assignment of error is overruled.

[2] The second assignment of error does not afford ground for reversal. The evidence is undisputed that the train did stop, and the plaintiff made known her purpose and signified her intention to enter the car. The testimony of the brakeman shows that plaintiff was intending and offering to enter the car and disclosed her destination. The employés were not ignorant of that fact. She was, under the circumstances, legally entitled to the rights of a passenger.

The third assignment of error is to the point that the verdict is excessive, and we agree that it is to the extent of $550.

The judgment will therefore be reversed, and the cause remanded, unless a remittitur be entered for that amount within 20 days.